**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>BERNARDO HERNANDEZ FERRER<br>Defendant | CRIMINAL NO. 99-344 (PG) |

**MOTION TO DISMISS FOR LACK OF JURISDICTION**

TO THE HONORABLE JUAN PEREZ-GIMENEZ
UNITED STATES SENIOR JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** Mr. Bernardo Hernández, represented by the Federal Public Defender for the District of Puerto Rico and before this Honorable Court respectfully states and prays that this Honorable Court has no jurisdiction to include in Revocation Proceedings, new violation as stated in supplemental motion filed on May 4, 2006, (docket 768), and should dismiss such motion for lack of jurisdiction.  The issue is whether the supplemental motion filed by U.S. Probation Officer Martin De Santiago was filed before the expiration of the supervised release term.  It is counsel understanding that the supervised release term is jurisdictional and the supplemental motion filed on May 4, 2006, was filed after the supervised release term expired, leaving the Court without jurisdiction to conduct a revocation hearing on such violation.  Mr. Hernández submits the following memorandum supporting his arguments:

I. Facts

Mr. Hernández was released from prison on January 10, 2003 and started his supervised release term.  His supervised release term was due to expire on January 9, 2006.  On September 26, 2005, U.S. Probation Officer Martin De Santiago submitted a

motion notifying violation of conditions of release and requested an arrest warrant (docket 743). The warrant of arrest was issued on October 13, 2006, (docket 749).

## II. Statutory Regulations

The issue of tolling is governed by 18 U.S.C. § 3624(e).[1] The supervised release term commences on the day the person is released from prison. It does not run during any period in which the person is in prison in connection with a conviction unless the imprisonment period is for less than 30 consecutive days.[2] 18 U.S.C. § 3583(i) provides the only means for which the court can extend its power to revoke a term of supervised release. It requires that a warrant or summons be issued prior to the expiration date of the supervised release term.[3]

## III. Jurisprudence

The majority of the Circuits who had reviewed the issue of tolling a term of supervised release when an alien has been deported as a condition of release, or by ordering the tolling of the supervised release term, had denied that the Court has such

---

[1] *United States v. Morales Alejo,* 193 F. 3d 1102, 1105 (9th Cir. 1999).

[2] Title 18 U.S.C. § 3624(e) provides "...The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release of parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction of any Federal, State or local criminal case unless the imprisonment is for a period of less than 30 consecutive days..."

[3] Title 18 § 3583( i) states "The power of the court to revoke a term of supervised release for violation of a condition of supervised release...extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such violation."

authority. See *United States v. Okoko*, 365 F. 3d 962 (11th Cir. 2004); *United States v. Juan Manuel*, 222 F. 3d 480, 487 (8th Cir. 2000); *United States v. Balogun*, 146 F. 3d 141, 146 (2nd Cir. 1998); *United States v. Quaye*, 57 F 3d 447, 449 (5th Cir. 1995). Not even the pretrial detention has been recognized as a mechanism to toll the term of the supervised release, because the pretrial detention is not a conviction for the purposes of 18 U.S.C. 3624(e); See *Morales Alejo*, 193 F. 3d 1102 (9th Cir. 1999).

Some courts have accepted another mechanism for tolling a supervised release term. Tolling of a supervised release term extends the date the term is set to expire so long as the defendant remains a fugitive[4]. On such cases the court reasoned that there was a bench warrant issued prior to the expiration date of the supervised release term, and such warrant would be enough to toll the supervised release, since the warrant of arrest was not based on oath or affirmation as required by § 3583(i).

District Court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued "upon probable cause, supported by Oath or affirmation," as required by the Fourth Amendment[5]. It is clear that when no summons or warrant is issued, or the issuance occurs after the expiration of the supervised release term, the court does not have jurisdiction to hold a hearing relating to a violation that occurred within the term.[6] In *United States v. Gomez Santiago*, 93-0176(CCC), 2004 WL 329309 (D. Puerto Rico Feb 5, 2004), the Court granted a motion to toll the supervised release term prior to January 4, 2004, expiration date. A summons was issued on January 13, 2004, after the expiration date. The Court concluded it did not preserve jurisdiction because warrant was not issued prior to the expiration of the term of supervised release. In *United States v. Crusco*, 2000 WL 776906, the Judge authorized the issuance of a summons based on Probation's report for violation of conditions of release nine days prior to the expiration of the supervised release term. No summons or warrants were issued and the Judge concluded that he had no jurisdiction to authorize the revocation of the

---

[4]   *United States v. Delamora*, 451 F. 3d 977, 980 (9th Cir. 2006).

[5]   *United States v. Vargas-Amaya*, 389 F. 3d 901, 907 (9th Cir. 2004)

[6]   *United States v. Venable*, 416 F. Supp 2d 64, 74 (D.D.C. 2006)

defendant. In *United States v. Rivard*, 127 F. Supp. 2d 512 (D. Vt. 2000), the court concluded that it had to no jurisdiction to proceed with the revocation hearing because the Court did not have the authority to toll Rivard's supervised release for 115 days, the period between the filing of the petition by the probation officer and final revocation hearing; and a summons was issued after the expiration of supervised release term.

### IV. Analysis

The statute, 18 U.S.C. 3583(i), is clear: there must be a warrant issued prior to the expiration of the supervised release for the Court to have authority to adjudicate any revocation proceeding. In all cases reviewed by the different courts regarding the authority to toll the supervised release term, there was a common denominator, a warrant was issued prior to the expiration of the supervised release term.

Courts decision to toll a supervised release term while defendant remains in fugitive[7] status is contrary to law. The Court created and equitable exception stating that "To hold otherwise here would reward those who flee from bench warrants and maintain their fugitive status until the expiration of their original term of supervised release." *United States v. Crane*, 979 F. 2d 687, 691 (9th Cir. 1992). On such cases the court reasoned that there was a bench warrant issued prior to the expiration date of the supervised release term, and such warrant would be enough to toll the supervised release, since the warrant of arrest was not based on oath or affirmation as required by § 3583(i). The term of supervised release is jurisdictional the same way a term to file a notice of appeal is. "Jurisdictional treatment of statutory limits makes good sense. Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them" *Bowles v. Russell*, 127 S. Ct. 2360, 2365, (2007). The only provision provided by Congress to toll a supervised release term is 18 U.S.C. § 3624(e). Tolling is authorized when the defendant is in prison for a conviction during a period of more than 30 days. Mr. Hernández was not convicted of any

---

[7] *United States v. Delamora*, 451 F. 3d 977, 980 (9th Cir. 2006).

crime before his supervised release term expired on January 9, 2006. Any case law regarding fugitive status and tolling of supervised release has transgressed its constitutional bounds. The Court has no authority to create equitable exceptions to jurisdictional requirements, *Bowles v. Russell*, *supra*, 2366. Therefore, even if Mr. Hernandez whereabouts were not known for a period of time, there has been no tolling of the supervised release term, therefore the Court has no jurisdiction to conduct revocation proceedings for new criminal conduct alleged after the expiration of the supervised release term on January 9, 2006. The Court preserved the jurisdiction to proceed with a revocation hearing for motion if, and only if, a summons or warrant was issued prior to the expiration date of the supervised release term, 18 U.S.C. 3583(i). The issuance of the summons does not toll the supervised release term, it only provides the Court with the authority to proceed with the revocation hearing after the supervised release term has expired.

**WHEREFORE** it is respectfully requested that this Honorable Court dismiss supplemental motion for lack of jurisdiction.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send electronic notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 16th of September, 2008.

**JOSEPH C. LAWS, JR.**
**Federal Public Defender**
**District of Puerto Rico**

*S/ Coral Rodríguez-Morales*
Coral Rodriguez-Morales
A.F.P.D. for Defendant
USDC-PR 224808
241 F.D. Roosevelt Avenue
San Juan, P.R. 00918-2441
Phone No. (787) 281-4922/ fax (787) 281-4899
E-mail: coral@fd.org